**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT FOR THE PREMISES OF AND LEASED BY**

xxxxxxxxxxxxxxxxxxxxxxxx, Washington DC 20011

*LIBERTO DE LO SANTO*
*A/k/a William Burgos*

*DOB: 12/31/1964*
Last KNOWN ADDRESS: xxxxxxxxxxxxxxxxxxxxxxxx, Washington DC 20011

I, Kathryn E. Ryan, being duly sworn, depose and state:

1. I am a Special Agent of the United States Department of State Diplomatic Security Service. I have been employed as a Special Agent with the Diplomatic Security Service since March 2005 and am currently assigned to the Washington Field Office in Dunn Loring, Virginia. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia and I have received training in the investigations of passport fraud from the Diplomatic Security Training Center in Dunn Loring, Virginia.

2. This affidavit is made in support of the government's application for search of an apartment within the premises known as xxxxxxxxxxxx, Washington DC, specifically Xxxxxxxxxxxx. I make the following statements based on information obtained through personal observation, statements of witnesses, information supplied to me by other law enforcement officers, and information obtained through the use of law enforcement computerized databases.

3. This affidavit is submitted in support of a search warrant for the premises known as xxxxxxxxxxxx, Washington, DC, Xxxxxxxxxxxx. Based upon the following information, I believe there is probable cause to believe that SUBJECT knowingly possesses an identification document, authentication feature, or a false identification document, with the intent such document or feature be used to defraud the United States in violation of Title 18, United States Code, Section 1028. I believe there is probable cause to believe that SUBJECT willfully and knowingly made a false statement in an application for a United States passport with intent to

induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws in violation of Title 18, United States Code, Section 1542. Specifically, your affiant has obtained evidence that SUBJECT knowingly falsified a passport application by using a District of Columbia identification card and a Puerto Rico birth certificate that were not lawfully assigned to him. Your affiant has also obtained evidence that SUBJECT knowingly falsified a passport application in New York using a social security card, New York State identification card, Puerto Rico birth certificate, and a New York State Department of Social Services Benefit card that were not lawfully assigned to him.

4. On April 26, 2006, your affiant visited the premises known as xxxxxxxxxxxxx, Washington, DC. xxxxxxxxxxxxx, Washington DC is a two-story brick building. The bricks are tan in color and there are several separate white wooden porches on the north and south sides of the complex. There is a white sign with black numbers affixed to the complex with the numbers xxxx. There is a callbox with instructions and a gold colored sign with black lettering stating the management company, address, and phone number. Upon entering the main door, there is a door to the left and right and a staircase straight ahead. SUBJECT's apartment is on the main floor. SUBJECT's xxxxxxxxxx, is past the staircase on the left side of the hallway. Xxxxxxxxxxxxx is the first apartment on the left after the fire extinguisher. The apartment has a blue door and a blue xxxxxxxxx is affixed to the top of the door. There is a bronze-colored deadbolt and below it a bronze-colored door knob. There is a peephole above the deadbolt in the center of the door.

5. On October 27, 2005, SUBJECT, identifying himself as William BURGOS presented himself at the U.S. Post Office, Ben Franklin Station, in Washington, DC and applied for a U.S. passport using a DS-11 (Application for a United States Passport). As proof of citizenship SUBJECT presented a birth certificate from the commonwealth of Puerto Rico, Serial No. D1012931, for William Burgos Laureano, born on December 22, 1965 and issued on June 10, 2005. As identification SUBJECT presented a Washington, DC Identification Card, license

number xxxxx110, issued in the name of William Burgos. The SUBJECT listed on his application a mailing address of xxxxxxxxxxxxxxxxx, Washington, DC 20009. The SUBJECT signed the application and swore to the veracity of all statements made in the application in the presence of Claudius Barnes, an employee of the U.S. Postal Service, a person authorized by the Department of State to accept passport applications.

6. On November 7, 2005, Tommye Grant of the Washington Passport Agency referred the application to the Diplomatic Security Service, Washington Field Office, for investigation based on several fraud indicators. The signature was labored and SUBJECT presented a recently issued identification card and birth certificate. Database checks run by the passport specialists indicated that a William Burgos with the same Social Security number and date of birth was living in New Haven, Connecticut. Further database checks showed that SUBJECT used the name William Burgos as an alias. According to the database, SUBJECT has a date of birth of 12/31/1964 and was born in the Dominican Republic.

7. A further check of Department of State records revealed that SUBJECT applied for a passport on May 30, 1996 in New York, New York. As proof of citizenship, SUBJECT presented a birth certificate from the commonwealth of Puerto Rico, Serial No.xxxx-0419, for William Burgos Laureano, born on December 22, 1965 and issued on December 29, 1995. As identification SUBJECT presented a New York State Identification Card, identification#: xxxxx578, issued in the name of William Burgos. On November 10, 1997, SUBJECT's application for a passport was denied due to non-response to correspondence.

8. On December 12, 2005 your affiant received an event report from the Montgomery County Police Department detailing an October 2001 arrest of the SUBJECT. SUBJECT originally gave the name Ferdinand Lebron to officers and then William Burgos. Once at the central processing unit, SUBJECT's fingerprints were submitted to the F.B.I. for identification. A return on the prints revealed SUBJECT's name to be De Lo Santo, Liberto Mirtz with a date of birth of 12/31/1964. On December 21, 2005 your affiant received an arrest photo for SUBJECT

from the Montgomery County Police Department. In your affiant's opinion the photo strongly resembles the photo submitted with William Burgos' DS-11 (Application for a US Passport).

9.      On December 21, 2005 your affiant received an arrest photo from the New Haven Police Department for William Burgos. In your affiant's opinion the photo does not resemble the photo submitted with William Burgos' DS-11 application or the arrest photo provided by the Montgomery County Police Department.

10.     On December 22, 2005 your affiant received the full driver record and photo associated with a District of Columbia identification card for William Burgos. In your affiant's opinion the photo strongly resembles the photo submitted with the DS-11 application and the arrest photo provided by the Montgomery County Police Department. The address listed on the identification card is xxxxxxxxxxxxx, #x, Washington, DC 20011. On December 30, 2005 your affiant interviewed Michelle Dunwoody, parole officer for Liberto De Lo Sante. Dunwoody stated that De Lo Sante lived at xxxxxxxxxxxxx, Washington, DC. Dunwoody also stated that De Lo Sante was employed by Atkinson Tree Service with a work phone number of (xxx) xxx-2697. On the DS-11 application submitted by the SUBJECT, the employer is listed as Atkinson Tree Service with a work phone number of (xxx) xxx-2697.

11.     On December 29, 2005 your affiant received an arrest photo from the Metropolitan Police Department for SUBJECT. In your affiant's opinion, the photo strongly resembles the arrest photo from Montgomery County and the photo submitted with the DS-11 application.

12.     On January 18, 2006 your affiant showed the photo submitted with the DS-11 application to Michelle Dunwoody, parole officer for SUBJECT. Dunwoody affirmed that the person pictured in the photo was her client. Dunwoody stated that while SUBJECT was prosecuted under the name De lo Santo by the District of Columbia, all documentation provided to Court Services is in the name Burgos. Dunwoody was unsure as to the true identity of her client and did not know where he was born.

13. On March 30, 2006 your affiant received information from the Diplomatic Security Service New York Field Office. SA David Adams located William Burgos of New Haven, Connecticut and interviewed him. William Burgos provided SA Adams with paperwork proving his identity. Burgos stated that he had never been to Washington, DC and had never applied for a passport. Burgos was shown the photo submitted with the DS-11 application and stated that he did not know the person. Burgos further explained to SA Adams that he had been the victim of identity theft and showed SA Adams the paperwork he had filed with the New Haven Police Department and other agencies. Burgos confirmed that the social security number used on the DS-11 application used to be his, but explained that he has submitted paperwork to have it changed. Burgos further stated that he believes his ex-wife stole identity documents and provided them to others.

14. Based upon my knowledge, training and experience, your affiant knows that persons who fraudulently obtain passports, identification documents and travel documents tend to retain and secure such items in their residence to keep them close at hand. These documents are not only expensive, difficult and risky to acquire, but they serve to conceal the true identity of the SUBJECT and provide the SUBJECT with immediate access to new identity documents should the need arise. Your affiant also knows that persons involved in passport fraud tend to retain in their residence, letters, documents, notes, ledgers, messages, financial transaction records and other accountings and identification documents that are not in and of themselves incriminating, however, may prove the identity of the SUBJECT. These documents allow the SUBJECT to transit the United States in both the false identity and his true identity.

15. Based upon the above information your affiant has probable cause to believe, and does believe, that the SUBJECT is in violation of Title 18, United States Code, Section 1028, "Fraud and related activity in connection with identification documents, authentication features, and information"; and Title 18, United States Code, Section 1542, "False statement in application and use of passport".

_____

Kathryn E. Ryan
Special Agent
U.S. Department of State
Diplomatic Security Service
Washington Field Office

**SUBSCRIBED AND SWORN TO**
**BEFORE ME ON THIS \_\_\_ DAY OF**
**_____, 2006.**

_____

**UNITED STATES MAGISTRATE JUDGE**
United States District of Columbia

*ATTATCHMENT A*

ITEMS TO BE SEIZED FROM xxxxxxxxxxxx, Washington, D.C. Apartment #6

All evidence and instrumentalities of violations of federal criminal law as made out in the accompanying affidavit, including Title 18, United States Code, Section 1542, "false statements in application for a Passport". Title 18, United States Code, Section 1028 "knowingly possessing an identification document that was not issued for the use of the possessor." Title 18 United States Code, Section 1001 "knowingly used a false document in relation to the United States Department of State, with knowledge that it was false, including, but not limited to:

1. Passports of any nationality, containing photographs of any subject of this investigation or bona fides of the subject of this investigation.

2. Identification documents containing the name and photograph of the subject of this investigation, including a District of Columbia non-drivers identification in the name of WILLIAM BURGOS.

3. Any documents containing the name of SUBJECT such as rental agreements, bills, credit card statements, visas, social security cards. Any birth certificates bearing the name of SUBJECT. Work papers for SUBJECT proving that he is employed under the false identity.

4. Plane tickets, visas, hotel receipts and other documents pertaining to the travel of SUBJECT.

5. Any other identification documents that may have the picture of SUBJECT with different bona fides such as name and date of birth.

6. Documents, notes, personal telephone books, business cards, telephone bills or tangible objects relating to the identification of SUBJECT.

7. All personnel files and records sufficient to identify current and former employers associated with SUBJECT.